UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

Terrell Green
3384 Main St.
Plaintiff, Hartford CT 06120

V.

Equifax Information Solutions

Defendant.

Case No.

NOV 3 2025 AM 11:35
FILED-USDC-CT-HARTFORD

JURY TRIAL DEMANDED.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is a civil action for statutory, actual, and punitive damages based on Equifax's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA).

2. Plaintiff Terrell Green alleges that Equifax failed to provide him with a full and accurate copy of the information in his consumer file, in violation of 15 U.S.C. § 1681g(a), resulting in confusion, distress, and an inability to evaluate or dispute certain credit information.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because Terrell Green resides in Hartford, Connecticut, and Equifax regularly conducts business in this judicial district.

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

## PARTIES

5. Terrell Green is a natural person who resides in Hartford, Connecticut. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal office located at 1550 Peachtree Street NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

7. In or about May 2025, Mr. Green requested a copy of his credit report through www.annualcreditreport.com, pursuant to his rights under 15 U.S.C. § 1681g(a).

8. In response, Equifax provided a report that failed to include full account identifiers, payment histories, and other detailed account information for several trade lines, including but not limited to: Capital one, All Dept of ED/aidvantage and Select portfolio trade lines.

9. Mr. Green believes these data furnishers submitted full account information to Equifax and that this information exists in his Equifax file.

10. Equifax includes such complete information in the reports it sells to third parties.

11. By failing to disclose the same information to Mr. Green, Equifax violated its obligations under 15 U.S.C. § 1681g(a)(1), which requires that consumer reporting agencies provide "all information in the consumer's file at the time of the request."

12. This practice has been found actionable in other cases, including Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

13. As clarified in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), a violation of a statutory right to information under the FCRA can constitute a concrete injury.

14. Equifax's standard formatting of disclosures from annualcreditreport.com appears to systemically withhold full account numbers and transaction histories from consumers.

15. Mr. Green suffered mental and emotional distress from not being able to reconcile his report with his own records, including anxiety, loss of sleep, and difficulty focusing at work.

16. The omissions in the report prevented him from verifying the accuracy of the accounts or disputing errors.

17. The FTC's 2000 advisory opinion to Darcy emphasized that redacted or partial disclosures do not satisfy the FCRA's § 1681g(a) standard.

18. Equifax continues to knowingly use this limited-disclosure format, depriving consumers of their full file content as required by law.

19. Equifax's failure to act on known defects in its system justifies statutory and punitive damages.

## CLAIM FOR RELIEF

Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681g(a)

20. Plaintiff incorporates paragraphs 1 through 19 as if fully stated herein.

21. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all information in Mr. Green's file at the time of his request.

22. Equifax's conduct was willful, entitling Mr. Green to statutory and punitive damages under 15 U.S.C. § 1681n.

23. In the alternative, Equifax acted negligently, entitling Mr. Green to actual damages and expenses under 15 U.S.C. § 1681o.

3

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Terrell Green respectfully requests the Court to award the following:

a. Statutory damages up to $1,000 per violation, or actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A) or § 1681o(a)(1);

b. Punitive damages under 15 U.S.C. § 1681n(a)(2);

c. Costs of litigation and reasonable attorney's fees under § 1681n(a)(3) and/or § 1681o(a)(2);

d. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 22, 2025

Respectfully submitted,

Terrell Green

3384 MAIN ST,

Hartford, CT 06120

860-805-2967

paulettegreen08@gmail.com

4

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

**Exhibits:**

A. Equifax Credit Report, May 2025

B. FTC Advisory Letter (Darcy, 2000)

C. Documentation Highlighting Omitted Data from Equifax Report